UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUNIOR LORENZO CEPEDA,

    Plaintiff,

-v-

ANGELA A. BARTLETT, or successor;
THOMAS R. GRIFFIN; SABRINA VONHAGAN;
JAMES ESGROW; VERNON N. FONDA,

    Defendants.

**DECISION AND ORDER**
13-CV-0368F



---

Plaintiff Junior Lorenzo Cepeda has submitted a complaint and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff has also filed a request for a Letter of Rogatory, pursuant to the Uniform Commercial Code, which is denied.

Title 28, United States Code, Section 1915, which relates to the filing of civil actions or appeals *in forma pauperis*, requires a court to dismiss a case "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which
relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

Plaintiff has had, at least, five cases dismissed by this Court for strike reasons: 12-CV-0339F; 12-CV-0350F; 12-CV-0523F; 12-CV-0574F; and 12-CV-0592F. Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), plaintiff's motion for *in forma pauperis* status must be denied unless plaintiff has asserted a claim that he is under imminent danger of serious physical injury. Plaintiff has made no such allegations of imminent danger of serious physical injury here, however, nor could he do so because he alleges that he was subjected to the filing of false misbehavior reports and subsequent disciplinary hearings related to having been found in possession of "UCC Materials" in violation of Inmate Rules and Directives of the New York State Department of Corrections and Community Supervision ("DOCCS"),[1] and that his mail had been improperly handled. None

---

[1]The Court notes that within a two month period of time plaintiff filed six civil actions, five of which are referenced above as being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B): 12-CV-0339F; 12-CV-0350F; 12-CV-0523F; and 12-CV-0574F; and 12-CV-0592F; and a petition for a writ of habeas corpus, 12-CV-0409F, which was later transferred to the district in which plaintiff's judgment of conviction was entered. Some of those prior actions filed alleged, like here, that plaintiff was subject to a Tier III Misbehavior Report and Hearing, and a Disposition which found him guilty of violating inmate rules related to the possession of UCC

of plaintiff's allegations assert, in any way, a claim of imminent danger of serious physical injury. Therefore, the complaint must be dismissed unless plaintiff pays the full filing fee of $350.00 and an administrative fee of $50.00[2] by **December 27, 2013.**

## CONCLUSION AND ORDER

Plaintiff may be able to meet the statutory requirements of 28 U.S.C. § 1915(a). However, because plaintiff has had three or more "strikes" for purposes of 28 U.S.C. § 1915(g) and because plaintiff has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed in forma pauperis is hereby denied. **Plaintiff has until December 27,**

---

materials.

> The Court had noted in each of those cases that:
>
> " 'The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented.' " Bartz v. Van De Graaf, 2008 WL 2704882, at *2 (D.Vt., July 8, 2008) (quoting Hudson v. Caruso, 2007 WL 2363308, at *5 (W.D.Mich., August 16, 2007) (parenthetical in original) (collecting cases); and citing United States v. Martin, 356 F.Supp.2d 621 (W.D.Va.2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); United States v. Brum, 2005 WL 1606584 (E.D.Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction). See also Neree, 2011 WL 3841551, at *8 (N.D.N.Y., July 20, 2011) (recognizing the serious problems of inmates filing "fraudulent and abusive UCC liens against government officials" and the reasons for DOCCS's restrictions imposed on inmates' possession of UCC materials.)

See, e.g., Cepda v. Passage, et al., 12-CV-0592F (Docket No. 3, Decision and Order, at 2, n.1 (W.D.N.Y., January 2, 2013)).

[2]Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed in forma pauperis.

2013 to pay the filing fee of $400.00 or the action will be dismissed pursuant to 28 U.S.C. § 1915(g) without further order or notice to plaintiff.

Upon filing of this action, the Court forwarded plaintiff's Prison Authorization with a letter to the Superintendent of the Southport Correctional Facility authorizing the Correctional Facility to calculate and remove (and/or encumber over time) certain sums of money from the inmate's account in payment of the filing fee for the inmate's action. See 28 U.S.C. § 1915(b). Because plaintiff's motion to proceed in forma pauperis has been denied this request to the Superintendent is now **rescinded** and to the extent any monies have been encumbered for this case it shall be "credited" to plaintiff's inmate account. The Clerk of the Court has not received any funds from the Correctional Facility for this case. **The Clerk of the Court shall forward a copy of this Order to the Superintendent of the Southport Correctional Facility.**

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Jan 21_, 2013